UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAHJOUBA SUNADA, | 3:15-cv-00181-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| WAL-MART, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's first amended complaint (#8). The court has thoroughly reviewed the complaint, and this Report and Recommendation follows.

### I. BACKGROUND AND PROCEDURAL HISTORY

Mahjouba Sunada ("plaintiff") is a former employee of a Wal-Mart store located in south Reno. Her amended complaint relates to a series of incidents that occurred at her place of employment. In short, she alleges that she faced unlawful discrimination at the hands of several co-workers and managers.

On July 9, 2015, this court granted plaintiff's application to proceed *in forma pauperis* and screened plaintiff's original complaint (#3). Therein, the court permitted count I to proceed. Count I stated a claim against Wal-Mart for pregnancy discrimination by plaintiff's former store manager, Jason Schmidt ("Schmidt"). The court dismissed with leave to amend counts II and III on the basis that plaintiff, in complaining only of rude behavior and other personal conflict, failed to allege adverse employment actions as required for Title VII claims. Plaintiff was given leave to amend to rectify, if possible, this deficiency with her original complaint.

On August 24, 2015 plaintiff filed an amended complaint. She repeatedly requests the court's assistance to do justice and help her fight against a "big corporation" like Wal-Mart. The pleading reticulates some of the broad, but unspecific, allegations of unfair treatment against the count II and III defendants of the original complaint. However, she again fails to identify any particular adverse employment actions, and the amended complaint also omits many of the specific factual allegations that made colorable count I of the original complaint.

## II.   LEGAL STANDARD

Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

As the court explained in its original screening order (#3), counts II and III are factually deficient and fail to state Title VII claims. Even a *pro se* party must describe events that state a plausible claim. Because the amended complaint has not done so, the court recommends that these claims be dismissed without leave to amend.

Moreover, because plaintiff proceeds in this action *pro se*, the court recommends that the first amended complaint (#8) be stricken and this action proceed under the original complaint. As described, the original complaint contains greater specificity as to the relevant incidents giving rise to count I. Were the court to rescreen this action based on the first amended complaint alone, count I would likely be subject to dismissal.

### IV. CONCLUSION

For the reasons stated above, the court recommends that this action proceed under the original complaint (#5). Count I should proceed as a claim under 42 U.S.C. § 2000e-2, while counts II and III should be dismissed without leave to amend.

**IT IS THEREFORE RECOMMENDED** that the first amended complaint (#8) be **STRICKEN** and that the action **PROCEED** under the original complaint (#5);

**IT IS FURTHER RECOMMENDED** that counts II and III of the complaint (#5) be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND**.

**DATED**: August 31, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**